# In the United States District Court
# for the
# Western District of Texas

| | | |
|---|---|---|
| MICHAEL WOOD AND | § | |
| ELIZABETH WOOD | § | |
| | § | SA-10-CV-941 |
| v. | § | |
| | § | |
| UNITED STATES OF AMERICA | § | |

### ORDER

On this day came on to be considered Plaintiff's motion to strike Defendant's Nineteenth Affirmative Defense (docket no. 9).

### Background

Plaintiff Michael Wood brings this suit alleging that the Kerrville VA Health Care System violated the Federal Tort Claims Act and was negligent in the healthcare and treatment it provided him in December 2008. His wife, Elizabeth, seeks damages for loss of consortium and loss of household services.

On January 24, 2011, the Government filed its original answer. In its nineteenth affirmative defense, the Government stated:

> Defendant requests, that consistent with the Federal Tort Claims Act and the waiver of sovereign immunity to pay judgments, that the Court order that future damages other than medical, health care, or custodial services awarded in any health care liability claim be paid in whole or in part in periodic payments rather than by a lump sum payment. Tex. Civ. Prac. & Rem. Code § 74.503(b).

In its amended answer, the Government modified this to state:

> 19. Defendant requests, that consistent with the Federal Tort Claims Act and the waiver of sovereign immunity to pay judgments, that the Court order any future damages for medical, health care, or custodial services awarded in any health care liability claim be paid in whole in part in periodic payments rather than by a lump sum payment. Tex. Civ. Prac. & Rem. Code § 74.503(a).
>
> 20. Defendant requests, that consistent with the Federal Tort Claims Act and the waiver of sovereign immunity to pay judgments, that the Court order that future damages other than medical, health care, or custodial services awarded in any health care liability claim be paid in whole or in part in periodic payments rather than by a lump sum payment. Tex. Civ. Prac. & Rem. Code § 74.503(b).

Plaintiff argues that there is no authority for the Government in this FTCA action to seek that any damages be made by periodic payments.

## Analysis

The Government argues that under the FTCA, the Government is liable for torts "in the same manner and to the same extent as a private individual under like circumstances...." 28 U.S.C.A. § 2674. It further argues that Texas residents suing a medical provider are bound by Tex. Civ. Prac. & Rem. Code § 74.503. This section states:

> (a) At the request of a defendant physician or health care provider or claimant, the court shall order that medical, health care, or custodial services awarded in a health care liability claim be paid in whole or in part in periodic payments rather than by a lump-sum payment.
>
> (b) At the request of a defendant physician or health care provider or claimant, the court may order that future damages other than medical, health care, or custodial services awarded in a health care liability claim be paid in whole or in part in periodic payments rather than by a lump sum payment.

(c) The court shall make a specific finding of the dollar amount of periodic payments that will compensate the claimant for the future damages.

> (d) The court shall specify in its judgment ordering the payment of future damages by periodic payments the:
>
> (1) recipient of the payments;
> (2) dollar amount of the payments;
> (3) interval between payments; and
> (4) number of payments or the period of time over which payments must be made.

Whether the periodic payment provision of section 74.503 applies to FTCA claims has not been answered by the Fifth Circuit. The Fourth Circuit, however, has ruled that California law which required periodic payment of future damages awarded in medical malpractice actions was applicable. *See Cibula v. U.S.*, 551 F.3d 316 (4th Cir. 2009). Other federal district courts have also reached the same result. *See e.g., Hernandez ex rel. Telles-Hernandez v. U.S.*, 665 F. Supp.2d 1064, 1082 (N.D. Cal. 2009) ("Future damages awards in medical malpractice actions in the amount of $50,000 or more are subject to the periodic payment provisions set forth in California Code of Civil Procedure section 667.7. 'Future damages' are defined in section 667.7(e)(1) to include both economic and noneconomic damages: 'Future damages' includes damages for future medical treatment, care or custody, loss of future earnings, loss of bodily function, or future pain and suffering of the judgment creditor.").

The Fifth Circuit, however, did address the applicability of a Louisiana statute (40:1299.43) to the FTCA. *See Vanhoy v. U.S.*, 514 F.3d 447 (5th Cir. 2008). The Louisiana statute required payment of future medical care and benefits from a patient compensation fund. In *Vanhoy*, the government argued

3

that it was entitled to be treated in the same fashion as a private defendant in a Louisiana malpractice action based upon the "like circumstances" test of the FTCA. *Id.* at 451. Specifically, the government argued that the district court should create a reversionary trust from which Mr. Vanhoy's future medical care damages may be distributed as needed. *Id.* In rejecting the Government's argument, the Fifth Circuit stated that the government "cannot be obligated to make periodic payments of future medical care damages to Mr. Vanhoy on an as-incurred basis the way that the [Lousiana Patients' Compensation Fund] does under the [Louisiana Medical Malpractice Act] scheme." *Id.* at 452. Accordingly, the Court concluded the government's "proposed reversionary trust would not afford the Vanhoys and the government like treatment for purposes of future medicals, and nowhere does the FTCA authorize damage awards that require the United States to perform continuing obligations." *Id.*

This Court concludes that *Vanhoy* and the Louisiana statute is distinguishable from the instant case and the Texas statute, which does not reference any compensation fund or the creation of any reversionary trust.

## Conclusion

Given the absence of clear Fifth Circuit precedent, the fact that this case is still in the discovery stage and no favorable verdict has been entered for the Plaintiffs, and the possibility remains (albeit remote) that this matter may settle and thereby make ruling on this issue moot, the Court will deny the motion at this time. The parties may re-urge their positions on this issue at such time as

4

a favorable verdict for the Plaintiffs may be entered.

It is so ORDERED.

SIGNED this 10th day of May, 2011.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE